1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KENDALL SCALLY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DITECH FINANCIAL, LLC,

Defendant.

CASE NO. 16cv1992-WQH-WVG

ORDER

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by Defendant Ditech Financial, LLC.  (ECF No. 14).

**I. Background**

On September 30, 2016, Plaintiff Kendall Scally filed the first amended class action complaint against Defendant.  (ECF No. 11).  Plaintiff alleges two causes of action against Defendant on behalf of herself and other similarly situated: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); and (2) violations of the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act").  *Id.*

On October 17, 2016, Defendant filed a motion to dismiss for failure to state a claim.  (ECF No. 14).  On November 7, 2016, Plaintiff filed a response in opposition. (ECF No. 15).  On November 14, 2016, Defendant filed a reply.  (ECF No. 16).

**II. Allegations of the Complaint**

"Sometime in the year 1996, Plaintiff is alleged to have incurred certain financial

obligations with HFC Company, LLC, whereby he received a line of credit for his use within his personal life for everyday purchases." (ECF No. 11 at ¶ 25). "Sometime thereafter, but before January 1, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt." *Id.* at ¶ 28. "Plaintiff ultimately had the debt discharged by way of bankruptcy in the year 1998, while the debt was still in the possession of the original creditor." *Id.* at ¶ 29. "Plaintiff did not include Defendant Ditech as a creditor to be included in the [bankruptcy] petition because Ditech did not become involved in the account until . . . 2014." *Id.* at ¶ 31.

"Defendant first attempted to contact Plaintiff in an attempt to collect upon the discharged debt by way of letter dated March 25, 2016, wherein Defendant Ditech informed Plaintiff that the rights to collect upon the account had been transferred to [Ditech] in June 2014." *Id.* at ¶ 37. Plaintiff alleges,

> The March 25, 2016 collection notice stated that "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." However, no interest, late charges, or other charges were incurring. In fact, subsequent communication on June 20, 2016, from the Defendant indicates that the debt remained the same and was not increasing due to interest, late charges, or other charges.

*Id.* at ¶ 39. "[T]his was an attempt by Ditech to force Plaintiff into paying the full amount claimed to be due in the March 2016 letter in order to avoid any further increase of the amount." *Id.* at ¶ 40. "This letter claimed Plaintiff owes $7,662.12 upon the debt." *Id.* at ¶ 42. "Plaintiff promptly called Defendant to dispute the legitimacy of the alleged debt, as it was discharged in bankruptcy and Plaintiff specifically disputes whether or not he owes money upon the alleged debt." *Id.* at ¶ 43.

> [O]n June 20, 2016, Defendant sent another dunning letter to Plaintiff that contained the bold and capitalized words at the top "SETTLEMENT OPPORTUNITY", and claimed that Plaintiff has a "contractual obligation" to fulfill the debt, and claimed that they are giving him the "opportunity to settle [his] account in full by paying less than the entire amount due", and giving him a due date of August 19, 2016, and if Plaintiff does not respond by that date then "we will assume you are not interested in this offer and Ditech may consider exercising its available remedies".

*Id.* at ¶ 44. Plaintiff alleges that his liability was discharged through bankruptcy in 1998

and "therefore any implied threat to sue . . . and exercise available remedies are all false statements that amount to misrepresentations about the legal status of the debt." *Id.* at ¶ 45. Plaintiff alleges that Defendant made the false statements to scare Plaintiff and "trick him into paying the debt even though he has no obligation to do so." *Id.* at ¶ 46. Plaintiff alleges that the June 20, 2016 letter also claims, "We are required to report any debt forgiveness to the Internal Revenue Service." *Id.* at ¶ 47. Plaintiff alleges that this is a false statement due to "many exceptions to IRS reporting requirements." *Id.*

Plaintiff alleges that Defendant's letter violated the sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by

> A) Falsely stating, "Because of the interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater", when in reality no interest, late charges, or other charged were being added, which appeared to be an attempt to trick Plaintiff into paying the amount alleged in the March 2016 letter promptly to avoid any further charges being added;
> B) Falsely implying to Plaintiff that the debt remained viable and enforceable by claiming that it was Plaintiff's contractual obligation to still pay the purported debt even though any obligation had been discharged;
> C) Falsely implying that the debt remained viable and enforceable by using the word "settlement" with the intention of implying to Plaintiff that he could be sued upon the purported debt even though any obligation by Plaintiff had been discharged;
> D) Falsely implying to Plaintiff that the debt remained viable and enforceable by threatening that it Plaintiff did not pay the debt then Defendant would exercise its available remedies, with the intention of implying to Plaintiff that he could be sued upon the purported debt even though any obligation by Plaintiff had been discharged;
> E) Falsely claiming to Plaintiff that any and all debt forgiveness has to be reported to the IRS when in reality there are certain exceptions to mandatory reporting.

*Id.* at ¶¶ 64-65, 68, 69. Plaintiff alleges that Defendant violated § 1692e(4) of the FDCPA by "[f]alsely threatening that if Plaintiff did not pay the debt then Defendant would exercise its available remedies, with the intention of implying to Plaintiff that he could be sued upon the purported debt even though any obligation by Plaintiff had been discharged." *Id.* at ¶ 66. Plaintiff alleges that Defendant violated § 1692e(5) of the FDCPA by

> A) Threatening a lawsuit against Plaintiff by claiming that it was Plaintiff's contractual obligation to still pay the purported debt even

though any obligation by Plaintiff had been discharged.

B) Threatening a lawsuit against Plaintiff by using the word "settlement" with the intention of implying to Plaintiff that he could be sued upon the purported debt even though any obligation by Plaintiff had been discharged;

C) Threatening a lawsuit against Plaintiff by threatening that it Plaintiff did not pay the debt then Defendant would exercise its available remedies, with the intention of implying to Plaintiff that he could be sued upon the purported debt even though any obligation by Plaintiff had been discharged.

*Id.* at ¶ 67. Plaintiff alleges that Defendant violated § 1692f(1) of the FDCPA by "attempting to collect an amount that was not permitted by law, as any obligation by Plaintiff to owe anything upon the account had been discharged by way of bankruptcy." *Id.* at ¶ 70. Plaintiff alleges that Defendant violated § 1692f(6) of the FDCPA by "threatening to take non-judicial action to effect dispossession and disablement when there was no present right to possession of the property claimed as collateral since any obligation of Plaintiff upon the account had been discharged." *Id.* at ¶ 71.

Plaintiff alleges that Defendant violated the Rosenthal Act, California Civil Code section 1788, through its incorporation of the FDCPA pursuant to California Civil Code section 1788.17. *Id.* at ¶¶ 81-82. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated. *Id.* at ¶ 49.

"Class A" is comprised of all persons with addresses within the state of California who were sent, within one year prior to the filing date of this action a "communication" as defined by 15 U.S.C. § 1692a(2) to recover a consumer debt which was substantially similar to Plaintiff's Exhibit 1 (June 20, 2016 collection notice), which were not returned undeliverable by the United States Postal Service, to collect a debt from a consumer whose debt had already been discharged in bankruptcy.

...

"Class B" is comprised of all persons with addresses within the state of California who were sent, within one year prior to the filing date of this action a "communication" as defined by 15 U.S.C. § 1692a(2) to recover a consumer debt which was substantially similar to Plaintiff's Exhibit 2 (March 25, 2016 collection notice), in which the communication included the language, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.", when no interest was in fact being incurred."

...

"Class C" is comprised of all persons with addresses within the state of California who were sent, within one year prior to the filing date of this action a "communication" as defined by 15 U.S.C. § 1692a(2) to recover

1   a consumer debt which was substantially similar to Plaintiff's Exhibit 1
2   (June 20, 2016 collection notice), which were not returned undeliverable
    by the United States Postal Service, in which the communication included
3   the language, "We are required to report any debt forgiveness to the
    Internal Revenue Service."

4   *Id.* at ¶¶ 50-51.

5   ## III. Legal Standard

6   Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

7   a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of

8   Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

9   contain . . . a short and plain statement of the claim showing that the pleader is entitled

10  to relief." Fed. R. Civ. P. 8(a)(2). "All factual allegations set forth in the complaint are

11  taken as true and construed in the light most favorable to plaintiffs." *Lee*, 250 F.3d at

12  679. "A district court's dismissal for failure to state a claim under Federal Rule of Civil

13  Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the

14  absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation*

15  *Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica*

16  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

17  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

18  requires more than labels and conclusions, and a formulaic recitation of the elements

19  of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

20  (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must

21  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

22  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

23  550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

24  content that allows the court to draw the reasonable inference that the defendant is liable

25  for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must

26  accept as true all of the allegations contained in a complaint is inapplicable to legal

27  conclusions. Threadbare recitals of the elements of a cause of action, supported by

28  mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## IV. Contentions of the Parties

Defendant contends that the first amended complaint must be dismissed for failure to state a claim. Defendant contends that Plaintiff's FDCPA and Rosenthal Act claims are precluded by the Bankruptcy Code because they arise from Defendant's alleged attempts to collect a debt discharged in bankruptcy. (ECF No. 14-1 at 4). Defendant contends that Plaintiff fails to plead facts to support FDCPA or Rosenthal Act violations "independent of an alleged bankruptcy discharge injunction." *Id.* Defendant contends that a discharged debtor may not bring a FDCPA cause of action based on violations of a bankruptcy court discharge injunction. *Id.* at 4-5. Defendant contends that Plaintiff's theory that the bankruptcy court's discharge order does not bind Defendant as the successor-in-interest to the original creditor is flawed and inconsistent with "policies, procedures, and precedent of the bankruptcy courts." *Id.* at 9.

Plaintiff contends that his claims are not precluded by the Bankruptcy Code because Defendant was not the original creditor and was not specifically enjoined by the bankruptcy court from attempting to enforce the debt. (ECF No. 15 at 12-13). Plaintiff contends that Defendant is not subject to the bankruptcy court's jurisdiction because it is not the original creditor, was not served with the discharge injunction, and was not involved with the bankruptcy proceeding. *Id.* at 17. Plaintiff contends that the instant FDCPA action would not conflict with the Bankruptcy Code. *Id.* at 18. Plaintiff contends that the specific violations alleged in Class B and Class C are based on collection notices, independent of the bankruptcy discharge, and not precluded by the

1  Bankruptcy Code. *Id.* at 19.

2  **V. Discussion**

3      The Rosenthal Act requires compliance with the federal Fair Debt Collection

4  Practices Act ("FDCPA") and a debt collector that violates the FDCPA also violates the

5  Rosenthal Act. *See* Cal. Civ Code § 1788.17; *Gates v. MCT Grp., Inc.*, 93 F. Supp. 3d

6  1182, 1192 (S.D. Cal. 2015); *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104,

7  1118 (C.D. Cal. 2005).  Plaintiff alleges causes of action under both the Rosenthal Act

8  and FDCPA through violations of §§ 1692e and 1692f of the FDCPA.

9      Section 1692e prohibits the use by a debt collector of "any false, deceptive or

10  misleading representations or means in connection with the collection of any debt."  15

11  U.S.C. § 1692e. Section 1692e includes a non-exhaustive list of examples of proscribed

12  conduct:

13          (2) The false representation of
                 (A) the character, amount, or legal status of any debt; or
14          ...
            (4) The representation or implication that nonpayment of any debt will
15      result in the arrest or imprisonment of any person or the seizure,
        garnishment, attachment, or sale of any property or wages of any person
16      unless such action is lawful and the debt collector or creditor intends to
        take such action.
17          (5) The threat to take any action that cannot legally be taken or that is not
        intended to be taken
18          ...
            (10) The use of any false representation or deceptive means to collect or
19      attempt to collect a debt or to obtain information concerning a customer.

20  15 U.S.C. § 1692e.

21      Section 1692f states that a "debt collector may not use unfair or unconscionable

22  means to attempt to collect any debt."  15 U.S.C. § 1692f.  Section 1692f includes a

23  non-exhaustive list of examples of proscribed conduct.

24          (1) The collection of any amount (including any interest, fee, charge, or
        expense incidental to the principal obligation) unless such amount is
25      expressly authorized by the agreement creating the debt or permitted by
        law.
26          ...
            (6) Taking or threatening to take any nonjudicial action to effect
27      dispossession or disablement of the property if –
                 (A) there is no present right to possession of the property
28              claimed as collateral through an enforceable security interest

15 U.S.C. § 1692f.

The Bankruptcy Code prohibits collection of a discharged debt. Section 524 of the Bankruptcy Code provides, "A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The Bankruptcy Code provides a remedy in bankruptcy court for a violation of § 524 through civil contempt under § 105. *Walls v. Wells Fargo, N.A.*, 276 F.3d 509, 510 (9th Cir. 2002). Section 105 of the Bankruptcy Code provides,

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). The Court of Appeals for the Ninth Circuit has held that the Bankruptcy Code provides a debtor's exclusive remedy for violations of § 524. *Walls,* 276 F.3d at 510. The Bankruptcy Code precludes fair debt collection claims hinging upon whether a debt was discharged in bankruptcy. *Id.* Claims that do not turn on the discharged nature of the debt are not precluded under the reasoning of *Walls. See Goad v. MCT Grp.*, No. 09CV1321 BTM(POR), 2010 WL 1407257, at *3 (S.D. Cal. Apr. 6, 2010), *aff'd*, 576 F. App'x 707 (9th Cir. 2014) ("For example, even if a debt was discharged, the debtor could pursue claims against a debt collector who harassed the debtor by making incessant phone calls, threatened or intimidated the debtor, or lied about other matters (other than whether or not the debt is owed).").

In *Walls v. Wells Fargo*, the Ninth Circuit Court of Appeals considered whether a discharged debtor claiming a violation of the discharge injunction "may pursue a simultaneous claim under the Fair Debt Collections Practices Act." 276 F.3d at 504. The plaintiff in *Walls* alleged violations of the FDCPA on the grounds that the defendant creditor continued to solicit and collect monthly payments on a debt

discharged in bankruptcy. *Id.* at 505. The Court stated, "The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105. To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door - a private right of action." *Id.* at 510. "This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to continue." *Id.* The Court concluded that the FDCPA cause of action was precluded because a debtor's remedy for violation of § 524 remains exclusively under the Bankruptcy Code. *Id.* at 510-11; *see also Goad*, 2010 WL 1407257.

In this case, the first amended complaint alleges that Defendant sent letters to the Plaintiff attempting to collect on a discharged debt which contain various statements "falsely implying that the debt remained viable." (ECF No. 11 at ¶¶ 64-71). The Court concludes that Plaintiff's FDCPA and Rosenthal Act claims are based on violations of the discharge injunction and precluded by the Bankruptcy Code. The Court of Appeals in *Walls* reasoned that a FDCPA claim based on an alleged violation of § 524 would "entail bankruptcy-laden determinations" more appropriate for a bankruptcy court. *Walls*, 276 F.3d at 510. In this case, a determination will need to be made regarding the underlying § 524 discharge of Plaintiff's alleged debt to resolve Plaintiff's allegations. The Court finds that the claims alleged by Plaintiff, including those alleged in Class B and Class C, hinge on the allegation that the debt had been discharged. Plaintiff's claims are not independent of the § 524 discharge injunction and are precluded by the Bankruptcy Code.

Plaintiff contends that *Walls* is inapplicable here because Defendant was not the original creditor and was not served with the discharge injunction. The Bankruptcy Appellate Panel of the Ninth Circuit has recognized a broad view of a § 524 discharge injunction. *In re Gurrola*, 328 B.R. 158, 175 (B.A.P. 9th Cir. 2005) ("The 524(a) discharge and the discharge injunction are effective against the world to the full extent

of their statutory terms, regardless of notice"). A bankruptcy court can provide a remedy for violations of a discharge injunction through sanctions pursuant to § 105 of the Bankruptcy Code. Sanctions for violation of a discharge injunction are appropriate if the movant "prove[s] that the creditor (1) knew the discharge was applicable and (2) intended the actions which violated the injunction." *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006). The Court concludes that Plaintiff's allegations are dependent on the discharged nature of the debt and are properly addressed under the remedial scheme provided for in the Bankruptcy Code. *See Walls*, 276 F.3d at 511 ("While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtors' protection and remedy remain under the Bankruptcy Code.").

**VI. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants is GRANTED. (ECF No. 14). The first amended complaint is dismissed without prejudice. Plaintiff shall have thirty days from the date this Order is issued to file a motion for leave to file an amended complaint. If Plaintiff does not file a motion for leave to amend within 30 days of this Order, the Court will order the Clerk of Court to close the case.

DATED: January 26, 2017

**WILLIAM Q. HAYES**
United States District Judge