# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KENDALL SCALLY, | CASE NO. 3:16-cv-1992-WQH-WVG |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DITECH FINANCIAL, LLC, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint. (ECF No. 18).

**I. Background**

On September 30, 2016, Plaintiff Kendall Scally filed the first amended class action complaint against Defendant Ditech Financial, LLC. (ECF No. 11). Plaintiff alleged two causes of action against Defendant on behalf of herself and other similarly situated: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); and (2) violations of the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"). *Id.*

On October 17, 2016, Defendant filed a motion to dismiss for failure to state a claim. (ECF No. 14). On January 26, 2017, this Court determined that Plaintiff's claims were precluded by the Bankruptcy Code and granted the motion to dismiss. (ECF No. 17). The Court dismissed the first amended complaint without prejudice and stated, "Plaintiff shall have thirty days from the date this Order is issued to file a motion for leave to file an amended complaint. If Plaintiff does not file a motion for leave to

1 amend within 30 days of this Order, the Court will order the Clerk of Court to close the
2 case." (ECF No. 17 at 10).

On February 23, 2017, Plaintiff filed the Motion for Leave to File Second
Amended Complaint. (ECF No. 18). On March 20, 2017, Defendant filed a response
in opposition, accompanied by a request for judicial notice.[1] (ECF Nos. 20, 20-3). On
March 23, 2017, Plaintiff filed a reply. (ECF No. 21).

## II. Contentions of the Parties

Plaintiff requests leave to file a second amended complaint which "narrow[s] the claims for relief based only upon Class Definitions B and C as defined in his First Amended Complaint." (ECF No. 18 at 2). Plaintiff contends that the proposed second amended complaint does "not pursue any violation that delves into any question of whether the underlying debt had been discharged in bankruptcy." (ECF No. 18-1 at 3). Plaintiff contends that he has not acted in bad faith or with undue delay. *Id.* at 6-7. Plaintiff contends that amendment will not result in undue prejudice to Defendant because the action is at an early stage of proceedings. *Id.* at 8. Plaintiff contends that amendment is not futile because the claims asserted in the proposed second amended complaint "are not precluded by the Bankruptcy Code" because they are "wholly independent of whether the underlying debt had been discharged." *Id.* at 11. Plaintiff contends that he has not filed a motion for reconsideration and that Defendant has failed to establish that amendment would cause substantial prejudice. (ECF No. 21 at 8). Plaintiff contends that the allegations of fact in the proposed second amended complaint are sufficient to state a claim. *Id.* at 4.

Defendant contends that the motion must be denied because Plaintiff "continues

---

[1] Defendant requests that the Court take judicial notice of the following two documents: (1) Plaintiff's First Amended Complaint filed in this matter on September 30, 2016 (ECF No. 11); and (2) the Bankruptcy Discharge Order entered on September 1, 1998 by the United States Bankruptcy Court for the Eastern District of Washington in *In re Kendall John Scally*. (ECF No. 20-3). The Court takes judicial notice of both documents which are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

to attack the same alleged misconduct by Ditech" which the Court dismissed in the first amended complaint. (ECF No. 20 at 6). Defendant contends that "the substance of Plaintiff's claims has not changed" and the claims remain precluded under the Bankruptcy Code. *Id.* at 8. Defendant contends that the proposed second amended complaint is futile because it is subject to dismissal under Rule 12(b)(1), Rule 12(b)6, or other grounds. *Id.* at 9. Defendant contends that the motion for leave to amend amounts to an unduly prejudicial "request to obtain the 'extraordinary remedy' of reconsideration of this Court's dismissal of Plaintiff's FAC under the more 'liberal' amendment standard of Fed. R. Civ. P. 15." *Id.* at 17. Defendant contends that Plaintiff has not asserted the "highly unusual circumstances" required to warrant reconsideration of the prior dismissal. *Id.* at 18. Defendant contends that the proposed second amended complaint would require Defendant to repeatedly defend itself against the same claims that were already dismissed. *Id.*

### III. Discussion

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs,*

*Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed second amended complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint (ECF No. 18) is granted. No later than fourteen (14) days from the date this Order is issued, Plaintiff may file the proposed second amended complaint which is attached to the motion. If Plaintiff does not file the second amended complaint within fourteen days, the Court will order the Clerk of Court to close this case.

DATED: May 26, 2017

**WILLIAM Q. HAYES**
United States District Judge