# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL SCALLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>DITECH FINANCIAL, LLC,<br>Defendant. | CASE NO. 16cv1992-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss the second amended complaint filed by Defendant Ditech Financial, LLC. (ECF No. 24).

## I. Background

On August 9, 2016, Plaintiff Kendall Scally initiated this action by filing a class action complaint against Defendant Ditech Financial alleging causes of action under the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). (ECF No. 1). On September 30, 2016, Plaintiff filed a first amended complaint alleging the same causes of action against Defendant. On January 26, 2017, the Court issued an Order granting a motion to dismiss and dismissing the first amended complaint without prejudice. The Court concluded that Plaintiff's claims were precluded by the Bankruptcy Code because they hinged on allegations that Defendant was attempting to collect a debt previously discharged in bankruptcy. (ECF No. 17).

On May 30, 2017, Plaintiff filed a second amended class action complaint against Defendant. (ECF No. 23). Plaintiff again alleges a cause of action for violations of the FDCPA and a cause of action for violations of the Rosenthal Act on behalf of himself and other similarly situated. *Id.*

On June 13, 2017, Defendant filed a motion to dismiss for failure to state a claim. (ECF No. 24). On June 30, 2017, Plaintiff filed a response in opposition. (ECF No. 25). On July 10, 2017, Defendant filed a reply. (ECF No. 26).

**II. Allegations of the Complaint**

"Plaintiff is a 'consumer' as the term is defined by 15 U.S.C. section 1692a(3) and a 'debtor' as the term is defined by California Civil Code section 1788.2(h)." (ECF No. 23 at ¶ 9). "Plaintiff is informed and believes . . . that Defendant is a 'debt collector' as the term is defined by Civil Code section 1788.2(c)." *Id.* ¶ 12. "Defendant attempted to collect a 'consumer debt' as the term is defined by the FDCPA and Rosenthal FDCPA." *Id.* ¶ 13.

"Sometime after March 25, 2016, Plaintiff received a collection notice dated, March 25, 2016, from Defendant. The March 25, 2016 stated that Plaintiff owed a debt in the amount of $7,662.12 to Defendant." (ECF No. 23 ¶ 18). "The March 25, 2016 collection notices stated that 'Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.'" *Id.* ¶ 19. "The March 25, 2016 collection notice was false, confusing, and misleading, because it informs the least sophisticated debtor that interest is accruing on the debt when in fact there was no interest accruing." *Id.* ¶ 46. "Defendant's statement attempted to trick Plaintiff into believing that interest, late charges, or other charges are accruing which could force Plaintiff to pay the debt immediately in order to avoid any further increase of the debt." *Id.*

"Sometime after June 20, 2016, Plaintiff received a second collection notice, dated June 20, 2016, from Defendant." *Id.* ¶ 21. "The June 20, 2016 collection stated in part that 'We are required to report any debt forgiveness to the Internal Revenue

Service.'" *Id.* ¶ 22. "This statement is false and misleading . . . because there are many exceptions to IRS reporting requirements and not every debt forgiveness is required to be so reported." *Id.* ¶ 47.

Plaintiff alleges that these statements are in violation of 15 U.S.C. § 1692e, 15 U.S.C. 1692e(10), and California Civil Code section 1788.17. *Id.* ¶¶ 45, 47 54. "As a direct result of these statements, Plaintiff suffered bewilderment and confusion over whether he owed any amount to Defendant, what amount in particular was owed, and what his tax consequences may or may not be upon any amount claimed to be owed." *Id.* ¶ 23. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated and identifies four classes in this action. *Id.* ¶¶ 25-29.

**III. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee*, 250 F.3d at 679. "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

**IV. DISCUSSION**

Defendant contends that Plaintiff fails to state a claim under the FDCPA or Rosenthal Act because the second amended complaint lacks factual allegations to establish that the debt at issue is a debt for personal, family, or household purposes. (ECF No. 24-3 at 5). Defendant contends that Plaintiff's claims remain precluded by the Bankruptcy Code because they are premised on a debt discharged in bankruptcy. Defendant contends that the "preclusion doctrine cannot be avoided by simply deleting express references to 'a discharge' and 'bankruptcy' from a pleading, while continuing to attack the same alleged conduct." *Id.* at 9. Defendant contends that Plaintiff's claims should be dismissed with prejudice because they "continue to depend on the legal effect of the discharge of his debt in bankruptcy" and further litigation would be futile and prejudicial. *Id.* at 11.[1]

Plaintiff contends that the second amended complaint sufficiently alleges that the

---

[1] Defendant requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following two documents: (1) Plaintiff's First Amended Complaint filed in this matter on September 30, 2016 and (2) a Bankruptcy Discharge Order entered in September 1, 1998, at ECF No. 5, by the United States Bankruptcy Court for the Eastern District of Washington in *In re Kendall John Scally*, Case No. 98-3485-PCW7 (Bankr. E.D. Wash.). (ECF No. 24-4). The Court decides this motion on different grounds and denies this request for judicial notice as unnecessary. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009)

debt at issue is a "consumer debt" covered under the FDCPA. (ECF No. 25 at 5). Plaintiff contends that the allegations in the first amended complaint are "sufficiently clear that this underlying debt arose from a line of credit that Plaintiff used primarily for personal, family, or household purposes." *Id.* at 5 n.1. Plaintiff contends that the allegation that the debt is subject to the FDCPA and the Rosenthal Act must be accepted as true. *Id.* at 6. Plaintiff requests leave to amend in order to include further allegations about the nature of the debt should the Court grant the motion to dismiss. *Id.* Plaintiff contends that his claims are not foreclosed by the Bankruptcy Code because the claims do not depend on the legal status of the debt. Plaintiff contends that his claims focus on the language of the collections notices rather than the underlying legal status of the debt. *Id.* at 7-8.

The Rosenthal Act requires compliance with the federal Fair Debt Collection Practices Act ("FDCPA") and a debt collector that violates the FDCPA also violates the Rosenthal Act. *See* Cal. Civ Code § 1788.17; *Gates v. MCT Grp., Inc.*, 93 F. Supp. 3d 1182, 1192 (S.D. Cal. 2015); *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005).

The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. *See* 15 U.S.C. § 1692. To state a FDCPA claim, a plaintiff must allege facts sufficient to establish: (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a "debt collector," and (3) the defendant committed some act or omission in violation of the FDCPA. *See Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) (citing *Gomez v. Wells Fargo Home Morg.*, 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011)). "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money

arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). The Ninth Circuit Court of Appeals has determined that debts incurred for business purposes do not fall within the scope of the FDCPA. *Bloom v. I.C. System, Inc.*, 972 F.3d 1067, 1068 (9th Cir. 1992) ("The FDCPA protects consumers from unlawful debt collection practices. Consequently, the Act applies to consumer debts and not business debts.").

The Court's review is limited to the factual allegations of the second amended complaint at this stage in the proceedings. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Ray*, 375 F.2d 55, 57 (9th Cir. 1967)) ("As a general rule, when a plaintiff files an amended complaint, "[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent."); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."). In the second amended complaint, Plaintiff alleges that "Plaintiff is a 'consumer' as the term is defined by 15 U.S.C. section 1692a(3)" and that "Defendant attempted to collect a 'consumer debt' as the term is defined by the FDCPA and Rosenthal FDCPA." (ECF No. 23 at ¶¶ 9, 13). These statements are legal conclusions insufficient to establish the nature of the debt. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court concludes that Plaintiff has failed to allege sufficient facts to establish that Plaintiff has been the object of collection activity arising from a consumer debt covered by the FDCPA. *See Turner*, 362 F.3d at 1226–27. Because Plaintiff fails to state a claim under the FDCPA, Plaintiff also fails to state a claim under the Rosenthal Act. *See* Cal. Civ. Code § 1788.12.

**VI. Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant is GRANTED. (ECF No. 24). The second amended complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days from the date this Order is issued to file a motion for leave to file an amended complaint. If Plaintiff does not file a motion for leave to amend within thirty (30) days of this Order, the Clerk of Court shall close the case.

DATED: November 21, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge