# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL SCALLY,<br><br>          Plaintiff,<br>v.<br>DITECH FINANCIAL, LLC,<br><br>          Defendant. | CASE NO. 16cv1992-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Third Amended Complaint. (ECF No. 29).

**I. Background**

On September 30, 2016, Plaintiff Kendall Scally filed the first amended class action complaint against Defendant Ditech Financial, LLC. (ECF No. 11). Plaintiff alleged two causes of action against Defendant on behalf of herself and other similarly situated: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); and (2) violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). *Id.*

On October 17, 2016, Defendant filed a motion to dismiss. (ECF No. 14). On January 26, 2017, the Court determined that Plaintiff's claims were precluded by the Bankruptcy Code and granted the motion to dismiss. (ECF No. 17). The Court dismissed the first amended complaint without prejudice. *Id.*

On May 30, 2017, Plaintiff filed the Second Amended Complaint and again alleged violations of the FDCPA and Rosenthal Act. (ECF No. 23).

On June 30, 2016, Defendant filed a motion to dismiss the Second Amended Complaint for failure to state a claim. (ECF No. 24). On November 21, 2017, the Court granted the motion to dismiss. (ECF No. 28). The Court determined that Plaintiff failed to allege sufficient facts to establish that Plaintiff had been the object of collection activity arising from a consumer debt covered by the FDCPA and therefore failed to state a claim under the FDCPA and Rosenthal Act. The Court dismissed the Second Amended Complaint without prejudice and granted Plaintiff thirty days within which to file a motion for leave to file an amended complaint. *Id.*

On November 28, 2017, Plaintiff filed the Motion for Leave to File Third Amended Complaint. (ECF No. 29). On December 19, 2017, Defendant filed a response in opposition. (ECF No. 30). On December 23, 2017, Plaintiff filed a reply. (ECF No. 31).

**II. Contentions of the Parties**

Plaintiff requests leave to file a Third Amended Complaint in order to clarify that the debt at issue in this case is covered under the FDCPA and Rosenthal Act. (ECF No. 29). Plaintiff contends that he has not acted in bad faith or with undue delay. *Id.* at 5. Plaintiff contends that no undue prejudice will result to Defendant because of the early stage of proceedings. *Id.* at 6. Plaintiff contends that amendment is not futile because the third amended complaint will clarify that the debt at issue is a line of credit primarily used for personal, family, or household purposes and is properly covered by the FDCPA and Rosenthal Act. *Id.* Plainitff contends that a substantive evaluation of the merits of Plaintiff's allegations is improper on a motion for leave to amend. *Id.* Plaintiff contends that the claims in the proposed third amended complaint are not precluded by the Bankruptcy Code because they are independent of whether the underlying debt had been discharged. (ECF No. 31 at 8).

Defendant contends that the Court should deny leave to amend as futile because the proposed amended complaint is subject to dismissal for failure to state a claim. (ECF No. 30 at 5-6). Defendant contends that the debt at issue was discharged in

bankruptcy and Plaintiff's claims are therefore precluded by the Bankruptcy Code. *Id.* at 6-9. Defendant contends that preclusion by the Bankruptcy Code "cannot be avoided by simply deleting express references to a 'discharge' and 'bankruptcy' from a pleading, while continuing to attack the same alleged conduct." *Id.* at 9. Defendant contends that allowing any leave to amend would be unduly prejudicial because it forces Defendant to relitigate claims that have been dismissed. Defendant contends that by omitting references to the bankrupcty discharge in the proposed third amended complaint, Plaintiff seeks to postpone consideration of the Bankruptcy Code's preclusion of his claims. *Id.* at 10.

**III. Discussion**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court concludes that Defendant has not made a sufficiently strong showing

of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed second amended complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion for Leave to File Third Amended Complaint (ECF No. 29) is granted. No later than fourteen (14) days from the date this Order is issued, Plaintiff may file the proposed third amended complaint which is attached to the motion. If Plaintiff does not file the third amended complaint within fourteen days, the Court will order the Clerk of Court to close this case.

DATED: January 3, 2018

**WILLIAM Q. HAYES**
United States District Judge