Alex Asil Mashiri, Esq. (SBN 283798)
alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Babak Semnar, Esq. (SBN 224890)
Jared M. Hartman (SBN 254860)
**SEMNAR & HARTMAN, LLP**
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff:
KENDALL SCALLY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL SCALLY, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DITECH FINANCIAL LLC.<br><br>　　　　　Defendant.<br>_____ | Case No. 3:16-cv-01992-WQH-WVG<br><br>**CLASS ACTION**<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KENDALL SCALLY alleges as follows:

## INTRODUCTION

1.     Plaintiff KENDALL SCALLY (hereinafter referred to as "Plaintiff"), brings this lawsuit against DITECH FINANCIAL LLC. (hereinafter "Defendant") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), and Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

2.     Plaintiff brings this action to seek actual damages, statutory damages, injunctive relief, attorneys' fees and costs, and other relief the Court deems appropriate.

3.     Plaintiff alleges as follows, upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.     Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7.     Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## PARTIES

8.     Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

9.     Plaintiff is a natural person allegedly obligated to pay a consumer debt to Defendants, alleged to have been due and owing, and is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act..

10.     Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company who was conducting and engaging in business in the County of San Diego, State of California.

11.     Plaintiff is informed and believes, and thereupon alleges, that Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as the term is defined by 15 U.S.C. section 1692a(6).

12.     Defendant regularly engages in any act or practice in connection with the collection of consumer debts, which means it also thereby engages in "debt collection" within the meaning of California Civil Code section 1788.2(b) of the Rosenthal FDCPA.

13.     Plaintiff is informed and believes, and thereupon alleges that Defendant is a "debt collector" as the term is defined by Civil Code section 1788.2(c), because in the ordinary course of business, it regularly engages in "debt collection" on behalf of itself or others.

14.     As a partnership, corporation, limited liability company, or other similar entity, Defendant is therefore a "person" within the meaning of California Civil Code section 1788.2(g) of the Rosenthal FDCPA.

15.     Defendant alleged that Plaintiff owed a debt that it was allegedly collecting related to money arising out of a line of credit that was issued to Plaintiff, without payment being required at the time of the line of credit having been rendered

to Plaintiff, with an alleged agreement that Plaintiff would pay back the line of credit over time.

16.     Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendant originated from monetary credit that was extended primarily for personal, family, or household purposes, and Defendant alleged that the debt was due and owing, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) and § 1788.2(f) of the Rosenthal Act.

17.     As Defendant was attempting to collect on a debt that originated from monetary credit extended primarily for personal, family, or household purposes due to a line of credit being issued to Plaintiff without payment being required at the time of issuance, and alleged that the debt was due and owing, the alleged debt was therefore a "consumer credit transaction" within the meaning of California Civil Code sections 1788.2(e) and 1788.2(f) of the Rosenthal FDCPA.

18.     Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from a "consumer credit transaction" due to a line of credit being issued to Plaintiff without payment being required at the time of issuance, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code section 1788.2(f) of the Rosenthal FDCPA.

19.     Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendants was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

20.     This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

THIRD AMENDED CLASS ACTION COMPLAINT

21.    This action arises out of violations of the FDCPA and Rosenthal FDCPA.  Because Defendant does business within the State of California, County of San Diego, personal jurisdiction is established.

22.    Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

23.    Sometime prior to March of 2016, Plaintiff is alleged to have incurred certain financial obligations with HFC Company, LLC, whereby he received a line of credit for his use within his personal life for everyday purchases.

24.    The agreement was for Plaintiff to receive the line of credit, for him to use within his personal life for everyday purchases, which did not require any payment from Plaintiff at the time, but instead was an agreement whereby Plaintiff would repay the amount used by him over time in the future, with interest.

25.    This line of credit was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26.    These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f), and also a "consumer credit transaction" as that term is defined by California Civil Code §1788.2(e).

27.    Sometime after March 25, 2016, Plaintiff received a collection notice, dated, March 25, 2016, from Defendant. The March 25, 2016 stated that Plaintiff owed a debt in the amount of $7,662.12 to Defendant. A copy of Defendant's March 25, 2016 collection notice is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

28.    The March 25, 2016 collection notice stated in part that "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above,

an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection."

29.     However, no interest, late charges, or other charges were incurring.

30.     Sometime after June 20, 2016, Plaintiff received a second collection notice, dated June 20, 2016, from Defendant.  A copy of Defendant's June 20, 2016 collection notice is attached hereto as **Exhibit 2**, and is incorporated herein by reference

31.     The June 20, 2016 collection stated in part that "We are required to report any debt forgiveness to the Internal Revenue Service. This may result in consequences regarding your federal, state or local tax liability."

32.     Further, this June 20, 2016 collection notice also stated that the outstanding balance was $7,662.12, which shows that no interest, late charges, or any other additional charges had accrued since the March 2016 collection notice.

33.     As a direct result of these statements, Plaintiff suffered bewilderment and confusion over whether he owed any amount to Defendant, what amount in particular was owed, and what his tax consequences may or may not be upon any amount claimed to be owed.

34.     Because Congress has determined that this type of conduct amounts to abusive, deceptive, and unfair debt collection practices that contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy, Plaintiff was exposed to these dangers, which actually exist to Plaintiff in a personal and individual way, and he did, in fact, suffer from such individual harm and exposure.

## CLASS ALLEGATIONS

35.     Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated.

## FDCPA CLASS A

36.     Plaintiff defines the FDCPA CLASS A as follows:

All persons with addresses within the State of California who were sent a written communication by Defendant that was substantially similar or identical to Plaintiff's **Exhibit 1** (March 25, 2016 collection notice), in which the communication included the language "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.", when no interest, late charges, or other charges were in fact being incurred.

## FDCPA CLASS B

37.     Plaintiff defines the FDCPA CLASS B as follows:

All persons with addresses within the State of California who were sent a written communication by Defendant that was substantially similar or identical to Plaintiff's **Exhibit 2** (June 20, 2016 collection notice), which were not returned undelivered by the United States Postal Service, in which the communication included the language "We are required to report any debt forgiveness to the Internal Revenue Service."

## ROSENTHAL FDCPA CLASS A

38.     Plaintiff defines the Rosenthal FDCPA CLASS A as follows:

All persons with addresses within the State of California who were sent a written communication by Defendant that was substantially similar or identical to Plaintiff's **Exhibit 1** (March 25, 2016 collection notice), in which the communication included the language "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.", when no interest, late charges, or other charges were in fact being incurred.

## Rosenthal FDCPA CLASS B

39.     Plaintiff defines the Rosenthal FDCPA CLASS B as follows:

All persons with addresses within the State of California who were sent a written communication by Defendant that was substantially similar or identical to Plaintiff's **Exhibit 2** (June 20, 2016 collection notice), which were not returned undelivered by the United States Postal Service, in which the communication included the language "We are required to report any debt forgiveness to the Internal Revenue Service."

40.     The FDCPA Class and the Rosenthal FDCPA Class shall be referred to jointly as "The Classes."

41.     Defendant and its employees or agents are excluded from the Classes.

42.     Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

43.     The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

44.     There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes.  The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a)     Whether Defendant violated the FDCPA by sending a written communication substantially in the form of **Exhibit 1** to the members of the Classes;

b)     Whether Defendant violated the FDCPA by sending a written communication substantially in the form of **Exhibit 2** to the members of the Classes;

c)     Whether Defendant violated the Rosenthal FDCPA by sending using a written communication substantially in the form of **Exhibit 1** to the members of the Classes;

d)     Whether Defendant violated the Rosenthal FDCPA by sending using a written communication substantially in the form of **Exhibit 2** to the members of the Classes;

e)     Whether members of the Classes are entitled to the remedies under the FDCPA;

f)     Whether members of the Classes are entitled to the remedies under the Rosenthal FDCPA;

g)     Whether members of the Classes are entitled to declaratory relief;

h)    Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

i)    Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the Rosenthal FDCPA.

45.    Plaintiff will fairly and adequately protect the interests of the Classes.

46.    Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

47.    Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

48.    A class action is a superior method for the fair and efficient adjudication of this controversy.

49.    Class-wide damages are essential to induce Defendant to comply with the Federal and State laws alleged in the Complaint.

50.    The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA or Rosenthal FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.* securities fraud.

51.    Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

52.    Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website

53.    Plaintiff requests certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

///

### FIRST CAUSE OF ACTION
### (Violation of the FDCPA)

54.    Plaintiff re-alleges all paragraphs above, as if fully set forth herein.

### COUNT 1

55.    The language "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection" in Defendant's March 25, 2016 collection notice is false, confusing, and misleading in violation of 15 U.S.C. sections 1692e, 1692e(5), and 1692e(10).

56.    The March 25, 2016 collection notice was false, confusing, and misleading, because it informs the least sophisticated debtor that interest is accruing on the debt when in fact there was no interest accruing. In fact, subsequent communication on June 20, 2016, from the Defendant indicates that the debt remained the same and was not increasing due to interest, late charges, or other charges. Furthermore, Defendant's statement attempted to trick Plaintiff into believing that interest, late charges or other charges are accruing which would force Plaintiff to pay the debt immediately in order to avoid any further increase of the debt. Clearly, Defendant's statement is false, deceptive, and misleading. *See Howell v. Eagle Accounts Group, Inc.*, 2015 WL 1097397 (S.D. Ind. Mar. 10, 2015).

57.    The language also amounts to a threat to take action (adding of interest, late charges, or other charges) that is not intended to be taken, in violation of 15 U.S.C. section 1692e(5).

### COUNT 2

58.    The language "We are required to report any debt forgiveness to the Internal Revenue Service. This may result in consequences regarding your federal, state or local tax liability." in Defendant's June 20, 2016 collection notice is false, confusing, and misleading. This statement is false and misleading in violation of 15

U.S.C. sections 1692e and 1692e(10) because there are many exceptions to IRS reporting requirements and not every debt forgiveness is required to be so reported. *See Kaff v. Nationwide Credit, Inc.,* 2015 WL 12660327, at *6 (E.D.N.Y. Mar. 31, 2015); *Good v. Nationwide Credit, Inc.,* 55 F. Supp. 3d 742, 747 (E.D. Pa. 2014).

59.    By way of example, this statement is false and misleading to the least sophisticated debtor, because "belief that tax consequences would stem from debt forgiveness could potentially impact whether the Plaintiff decides to pay the lesser amount offered, as opposed to the entire debt owed or even some other option." *Bautz v. ARS National Services, Inc.*, 2016 WL 7422301 at * 3 (E.D.N.Y Dec. 23, 2016); *see also Valez v. Enhanced Recovery Co., LLC*, 2016 WL 1730721, at *3 (E.D. Pa. May 2, 2016); *Foster v. AllianceOne Receivables Mgmt.*, 2016 WL 1719824 (N.D. Ill. Apr. 28, 2016).

60.    As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

61.    As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

62.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1692k(a)(1); statutory damages of up to $1,000.00 pursuant to section 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to section 1692k(a)(3).

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA)

63.    Plaintiff re-alleges all paragraphs above, as if fully set forth herein.

64.    Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

65.    Defendant violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e and 1692e(10) as discussed above.

66.    The Ninth Circuit in *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066 (9th Cir. 2011) has ruled that the Rosenthal FDCPA incorporates the FDCPA's class action damages provision in 15 U.S.C. section 1692k(a)(2)(B) via California Civil Code section 1788.17.

67.    As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

68.    As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

69.    As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 15 U.S.C. section 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## REQUEST FOR PRESERVATION OF EVIDENCE

1.    Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

2.    Suspend all procedures that may alter or delete computer data;

3.      Prevent deleting, overwriting, defragmenting, or compressing the data;

4.      Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; (b) if backups are made to hard drives, preserve the hard drive as well;

5.      Preserve the contents of all hard drives, network drives, tape drives, optical drives, floppy disks, CD and DVD drives, and all other types of drives or storage media that are within the possession, custody or control of all people who have knowledge of relevant facts and those who work with them, such as assistants;

6.      Preserve the contents of all information on portable computers–such as laptops and palmtops–used by those people as well as home computers, if these are used for work purposed;

7.      Preserve the contents of all data on computers that were used since the limitations period on the lawsuit began (for example; one year prior to filing) but that are no longer in use.

## REQUEST FOR JURY TRIAL

As declared by the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1.      An order certifying the Class as requested herein;

2.      An order appointing the Plaintiff as the representative of the Class;

3.      An order certifying Plaintiff's counsels as Class Counsel;

4.      An order requiring Defendant, at its own cost, to notify all members of the Classes of the unlawful acts discussed herein;

5.      An award of statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;

6.      An award of statutory damages in the amount of $1,000.00, pursuant to California Civil Code §1788.17, for each plaintiff and putative class member;

7.      An award of statutory damages in the amount of $1,000.00, pursuant to

THIRD AMENDED CLASS ACTION COMPLAINT

California Civil Code §1788.30(b), for each plaintiff and putative class member;

8.     An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

9.     An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code §1788.30(c); and

10.    Any and all other relief that this Court deems just and proper.

Respectfully Submitted,

DATED:  1-3-18                              **MASHIRI LAW FIRM**
                                           A Professional Corporation

                                           By: _/s/Alex Asil Mashiri_
                                               Alex Asil Mashiri
                                               Attorney for Plaintiff
                                               KENDALL SCALLY

DATED:1-3-18                               **SEMNAR & HARTMAN, LLP**

                                           By: _s/ Jared M. Hartman_
                                           Jared M. Hartman, Esq.
                                           Semnar & Hartman, LLP
                                           Attorneys for Plaintiff
                                           KENDALL SCALLY

EXHIBIT 1


a Walter company

DITECH FINANCIAL, LLC
Attention: T120
7360 SOUTH KYRENE ROAD
TEMPE, AZ 85283-4583

KENDALL SCALLY                                                                              March 25, 2016
3943 GAYLE ST
SAN DIEGO, CA 92115

Re:   Ditech Financial, LLC ("Ditech") Account No.: **82622788-6**
      Creditor:   **Landmark Asset Receivables Management LLC**

Dear Valued Customer:

The servicing of your account was transferred from HFC Company LLC to Ditech on 06/16/2014.  We are pleased
to welcome you to Ditech.

As your new servicer for the referenced account, Ditech is required to inform you of the following important notice
regarding your rights under federal law:

**AS OF THE DATE OF THIS LETTER, YOU OWE $7,662.12.  BECAUSE OF INTEREST, LATE
CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON
THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE, AN
ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE
WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER
INFORMATION, CONTACT CUSTOMER SERVICE AT THE ADDRESS OR TOLL-FREE NUMBER
LISTED BELOW.**

**UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU
DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION OF THE DEBT, WE WILL ASSUME
THAT THE DEBT IS VALID.  IF YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS OF
RECEIVING THIS NOTICE, WE WILL OBTAIN VERIFICATION OF THE DEBT (OR OBTAIN A COPY
OF A JUDGMENT, IF THE DEBT HAS BEEN REDUCED TO JUDGMENT) AND MAIL THE
VERIFICATION TO YOU.  IN ADDITION, UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30)
DAYS AFTER RECEIVING THIS NOTICE, WE WILL ALSO PROVIDE YOU WITH THE NAME AND
ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

Also, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act
require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.
They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not
use false or misleading statements or call you at work if they know or have reason to know that you may not
receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney
or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a
judgment. For more information about debt collection activities, you may contact the Federal Trade Commission
at 1-877-FTC-HELP or www.ftc.gov.

To ensure timely posting of your payments, please send all payments to your new servicer at the address
indicated below:

**DiTECH**
**PO Box 94710**
**Palatine, Illinois 60094-4710**

We at Ditech are honored to serve you.  If you need to contact us or have any questions, please call Ditech at 1-877-835-6465, from 6 a.m. to 7 p.m. MST, Monday through Thursday and 6 a.m. to 4 p.m. MST, Friday, or write to us in regard to this debt at Customer Service, Ditech Financial, LLC PO Box 6176, Rapid City, SD 57709-6176.

Respectfully,


Ditech
1-877-835-6465
6 a.m. to 7 p.m. MST, Monday through Thursday and
6 a.m. to 4 p.m. MST, Friday


Please be advised that we cannot bring a legal action to collect this debt or threaten to do so because the statute of limitations has expired. If you do make a payment, we may later be able to bring an action to collect this debt because the payment may start a new statute of limitations.

This communication is from a debt collector.  It is an attempt to collect a debt, and any information obtained will be used for that purpose.

EXHIBIT 2

 **ditech.**
a Walter company



6/20/2016

Ditech Financial LLC
Attention: T120
7360 South Kyrene Road
Tempe, AZ 85283-4583

+ 0649400 000055983 96AL1 0065303
KENDALL SCALLY
3943 GAYLE ST
SAN DIEGO CA 92115-6616

Re:   Ditech Financial LLC ("Ditech") Account Number 82622788-6
      Customer Name:   KENDALL SCALLY

### SETTLEMENT OPPORTUNITY

Dear KENDALL SCALLY:

We realize unforeseen problems may occur which make it difficult to meet your contractual obligation.  Your cooperation and willingness to communicate with Ditech is essential in order for us to help you resolve the delinquency on your above-referenced account.  At this time, we are offering you this opportunity to settle your account in full by paying less than the entire amount due.



| | |
|---|---|
| Outstanding Balance | **$7,662.12** |
| Settlement Offer | **$1,915.53** |
| Due Date | 8/19/2016 |

We are required to report any debt forgiveness to the Internal Revenue Service. This may result in consequences regarding your federal, state or local tax liability. In addition, if you receive public assistance, the forgiveness of debt may affect your eligibility for these benefits. Ditech cannot provide any advice or guidance regarding possible tax consequences or effect on any public assistance benefits. You may wish to consult with your tax professional about any possible tax consequences and/or your public assistance office regarding other consequences that may result from the forgiveness of debt. If you choose not to proceed with the forgiveness of debt, please contact Ditech immediately at 1-855-454-2908.

This is an outstanding opportunity for you to satisfy your obligation to Ditech.  If the collateral securing the account was repossessed, this offer does not entitle you to any ownership rights in the collateral.   This offer is to settle your account balance in full and, if accepted, you will no longer be responsible for any remaining amount on the account.

If we do not hear from you by **8/19/2016**, we will assume you are not interested in this offer and Ditech may consider exercising its available remedies.

If you have questions or concerns, please call Ditech immediately between the hours of 6 a.m. to 7 p.m. MST, Monday through Thursday and, 6 a.m. to 4 p.m. MST, Friday at 1-855-454-2908.

Sincerely,

Ditech
1-855-454-2908
6 a.m. to 7 p.m. MST, Monday through Thursday and
6 a.m. to 4 p.m. MST, Friday

Please be advised that we cannot bring a legal action to collect this debt or threaten to do so because the statute of limitations has expired. If you do make a payment, we may later be able to bring an action to collect this debt because the payment may start a new statute of limitations.

This communication is from a debt collector.  It is an attempt to collect a debt, and any information obtained will be used for that purpose.

**PROOF OF SERVICE**

Scally v. Ditech Financial, LLC                  **Case No.:** 3:16-cv-01992-WQH-WVG

        I am employed in the County of San Diego, State of California.  I am over the age of 18 and am not a party to the within action; my business address is 400 South Melrose Drive, Suite 209, Vista, California 92081.  On the date provided below, I served the foregoing document described below on the interested parties in this action by placing same in a sealed envelope.
**PLAINTIFF'S THIRD AMENDED COMPLAINT** was served on:

| | |
|---|---|
| Mathew M. Wrenshall<br>Perry A. Napolitano<br>REED SMITH LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071<br>Attorneys for Defendant | |

☐   **(BY MAIL)** – I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Vista, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Vista, California, in the ordinary course of business.  I am fully aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

☐   **(BY FACSIMILE)** – I caused the above described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated above and the activity report(s) generated by facsimile number (888) 819-8230 indicating on all pages that they were transmitted.

☐   **(BY PERSONAL SERVICE)** – I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

☐   **(STATE)** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   **(FEDERAL)** – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  **Via Electronic Service**: The above-described documents will be delivered electronically through the court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

Dated: 1-3-18                         */s/ Jared M. Hartman*
                                        Jared M. Hartman, Esq.

1
**PROOF OF SERVICE**