UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL SCALLY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL, LLC,<br><br>Defendant. | Case No.: 16cv1992-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion to dismiss the third amended complaint filed by Defendant Ditech Financial, LLC. (ECF No. 35).

## I. BACKGROUND

On August 9, 2016, Plaintiff Kendall Scally initiated this action by filing a class action complaint against Defendant Ditech Financial alleging causes of action under the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). (ECF No. 1). On September 30, 2016, Plaintiff filed a first amended complaint alleging the same causes of action against Defendant. On January 26, 2017, the Court issued an Order granting a motion to dismiss and dismissing the first amended complaint without prejudice. The Court concluded that Plaintiff's claims were

precluded by the Bankruptcy Code because they hinged on allegations that Defendant was attempting to collect a debt previously discharged in bankruptcy. (ECF No. 17).

On May 30, 2017, Plaintiff filed a second amended class action complaint against Defendant. (ECF No. 23). Plaintiff alleged a cause of action for violations of the FDCPA and a cause of action for violations of the Rosenthal Act on behalf of himself and others similarly situated. The second amended complaint did not include allegations about the bankruptcy proceedings related to the underlying debt. *Id.* On November 21, 2017, the Court issued an Order granting a motion to dismiss and dismissing the second amended complaint without prejudice. The Court concluded that Plaintiff failed to alleged sufficient facts to establish that he had been the object of collection activity arising from a consumer debt covered by the FDCPA, as required to state a claim under the FDCPA and Rosenthal Act. (ECF No. 28).

On January 3, 2018, Plaintiff filed a third amended class action complaint for violations of the FDCPA and violations of the Rosenthal Act on behalf of himself and others similarly situated. (ECF No. 33). On January 17, 2018, Defendant filed a motion to dismiss for failure to state a claim. (ECF No. 35). On February 12, 2018, Plaintiff filed a response in opposition. (ECF No. 36). On February 16, 2018, Defendant filed a reply. (ECF No. 37).

## II. ALLEGATIONS OF THE COMPLAINT

> Plaintiff is a natural person allegedly obligated to pay a consumer debt to Defendants, alleged to have been due and owing, and is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

(ECF No. 33 at ¶ 9). Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" and is a debt collector as that term is defined by the Rosenthal Act and the FDCPA. *Id.* ¶¶ 11–13.

> Defendant alleged that Plaintiff owed a debt that it was allegedly collecting related to money arising out of a line of credit that was issued to Plaintiff,

2

> without payment being required at the time of the line of credit having been rendered to Plaintiff, with an alleged agreement that Plaintiff would pay back the line of credit over time.

*Id.* ¶ 15. "[T]he money alleged to have been owed to Defendant originated from monetary credit that was extended primarily for personal, family, or household purposes, and Defendant alleged that the debt was due and owing . . . ." *Id.* ¶16.

"Sometime prior to March of 2016, Plaintiff is alleged to have incurred certain financial obligations with HFC Company, LLC, whereby he received a line of credit for his use within his personal life for everyday purposes." *Id.* ¶ 23.

> The agreement was for Plaintiff to receive the line of credit, for him to use within his personal life for everyday purchases, which did not require any payment from Plaintiff at the time, but instead was an agreement whereby Plaintiff would repay the amount used by him over time in the future, with interest.

*Id.* ¶ 24. "Sometime after March 25, 2016, Plaintiff received a collection notice, dated, March 25, 2016, from Defendant. The March 25, 2016 [collection notice] stated that Plaintiff owed a debt in the amount of $7,662.12 to Defendant." *Id.* ¶ 27.

> The March 25, 2016 collection notice stated in part that "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection."

*Id.* ¶ 28. "However, no interest, late charges, or other charges were incurring." *Id.* ¶ 29. "The March 25, 2016 collection notice was false, confusing, and misleading, because it informs the least sophisticated debtor that interest is accruing on the debt when in fact there was no interest accruing." *Id.* ¶ 56. "Furthermore, Defendant's statement attempted to trick Plaintiff into believing that interest, late charges or other charges are accruing which would force Plaintiff to pay the debt immediately in order to avoid any further increase of the debt." *Id.*

"Sometime after June 20, 2016, Plaintiff received a second collection notice, dated June 20, 2016, from Defendant." *Id.* ¶ 30. "The June 20, 2016 collection [notice] stated in part that 'We are required to report any debt forgiveness to the Internal Revenue Service. This may result in consequences regarding your federal, state or local tax liability." *Id.* ¶ 31. "This statement is false and misleading . . . because there are many exceptions to IRS reporting requirements and not every debt forgiveness is required to be so reported." *Id.* ¶ 58. "Further, this June 20, 2016 collection notice also stated that the outstanding balance was $7,662.12, which shows that no interest, late charges, or any other additional charges had accrued since the March 2016 collection notice." *Id.* ¶ 32.

Plaintiff alleges that these statements are in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), and 1692e(10) and California Civil Code 1788.17. *Id.* ¶¶ 55, 58, 65. "As a direct result of these statements, Plaintiff suffered bewilderment and confusion over whether he owed any amount to Defendant, what amount in particular was owed, and what his tax consequences may or may not be upon any amount claimed to be owed." *Id.* ¶ 33. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated and identifies four classes in this action. *Id.* ¶¶ 35–39.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee*, 250 F.3d at 679. "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## IV. DISCUSSION

Defendant contends that the FDCPA and Rosenthal Act claims remain precluded by the Bankruptcy Code because they arise from Defendant's alleged violation of the Bankruptcy Court's discharge injunction. Defendant contends that determining whether it made accurate representations in its collection notices depends on the nature and legal status of the debt at issue. Defendant contends that Plaintiff "unsuccessfully tried to plead around the Court's Dismissal Order and controlling case law without changing the fundamental premise of his claims." (ECF No. 35-1 at 5). Defendant contends that although "Plaintiff's counsel has deleted the express references to the discharge issued by the Bankruptcy Court" in the third amended complaint, the "public record" and "Plaintiff's prior representations to the Court" establish that Plaintiff believes he was not required to pay back the debt because the underlying debt was discharged in 1998. *Id.* at 4. Defendant asserts that the Court may draw on its judicial experience and common sense to accomplish

the "context-specific task" of determining whether a complaint states a claim and therefore may "take judicial notice of the fact that Plaintiff already pled that his debt was incurred in 1996 and prior to the Bankruptcy Court's 1998 Discharge Order." *Id.* at 4 n.4. Defendant contends that Plaintiff's claims should be dismissed with prejudice because this is Plaintiff's fourth attempt to adequately plead his claims and because this "artful pleading" around the Bankruptcy Code should not be condoned by the Court. *Id.* at 11. Defendant contends that the Bankruptcy Court is the proper forum for Plaintiff to seek relief from Defendant's alleged wrongdoing.

Plaintiff contends that the claims alleged in the third amended complaint are not foreclosed by the Bankruptcy Code because his claims do not turn upon the discharged nature of the debt. Plaintiff contends that his "claims only challenge the language in the two collection notices" and "can be proven by the Collection Notices themselves without any reference or inquiry whatsoever into the underlying debt itself." (ECF No. 36 at 2–3). Plaintiff asserts that Defendants take the position that "once a consumer's debt is discharged in bankruptcy, that consumer can never bring a claim under the FDCPA against the debt collector" and that this position is unsupported by precedent from the Ninth Circuit Court of Appeals. *Id.* at 3. Plaintiff contends that he "is not . . . asserting FDCPA violations in his TAC based upon violations of section 524 of the Bankruptcy Code." *Id.* at 5.

California's Rosenthal Act requires compliance with the federal FDCPA and a debt collector that violates the FDCPA also violates the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Gates v. MCT Grp., Inc.*, 93 F. Supp. 3d 1182, 1192 (S.D. Cal. 2015); *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. *See* 15 U.S.C. § 1692. Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and includes a non-exhaustive list of examples of proscribed conduct. 15 U.S.C. § 1692e. To state a FDCPA claim, a plaintiff must allege facts sufficient to establish: (1) the plaintiff has been the object of collection activity arising

from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector," and; (3) the defendant committed some act or omission in violation of the FDCPA. *See Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) (citing *Gomez v. Wells Fargo Home Morg.*, 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011)). "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004) (citing *Slenk v. Transworld Sys., Inc.,* 236 F.3d 1072, 1075 (9th Cir. 2001)). Under the FDCPA, the term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). Debts incurred for business purposes do not fall within the scope of the FDCPA. *Bloom v. I.C. System, Inc.*, 972 F.3d 1067, 1068 (9th Cir. 1992).

The Bankruptcy Code prohibits collection of a discharged debt. Section 524 of the Bankruptcy Code provides,

> A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2). The Bankruptcy Code provides a remedy for a violation of section 524 through civil contempt under section 105. *Walls v. Wells Fargo, N.A.*, 276 F.3d 509, 510 (9th Cir. 2002). The Bankruptcy Code provides a debtor's exclusive remedy for violations of section 524 and precludes fair debt collection claims hinging upon whether a debt was discharged in bankruptcy. *Id.* In *Walls v. Wells Fargo*, the Ninth Circuit Court of Appeals stated, "The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105. To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door—a

private right of action." *Id.* at 510. "This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." *Id.* However, claims that do not turn on the discharged nature of the debt are not precluded under the reasoning of *Walls*. *See Goad v. MCT Grp.*, No. 09CV1321 BTM(POR), 2010 WL 1407257, at *3 (S.D. Cal. Apr. 6, 2010), *aff'd*, 576 F. App'x 707 (9th Cir. 2014).

The Court's review is limited to the factual allegations of the third amended complaint and any materials properly subject to judicial notice at this stage in the proceedings.[1] *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)) ("As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."). The third amended complaint does not contain any factual allegations that Plaintiff's debt at issue in this litigation has been discharged in bankruptcy. As currently pleaded, the third amended complaint challenges only that the language of the collection notices violate the Rosenthal Act and the FDCPA. Defendant provides a copy of a Bankruptcy Discharge Order filed in United States Bankruptcy Court for the Easter District of Washington in *In Re Kendall John Scally*, Case

---

[1] Defendant's request for judicial notice of Plaintiff's First Amended Complaint (ECF No. 35-2 at 2) is denied as unnecessary. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary"). Plaintiff's request for judicial notice of the Bankruptcy Discharge Order filed in United States Bankruptcy Court for the Eastern District of Washington in *In Re Kendall John Scally*, Case No. 98-3485-PCW7 (ECF No. 35-2 at 2–4) is granted pursuant to Federal Rule of Evidence 201. Plaintiff did not oppose the request for judicial notice and courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted).

8

16cv1992-WQH-WVG

No. 98-3485-PCW7. (ECF No. 35-2 at 3-4). This document does not establish that the underlying debt at issue in this litigation was discharged in bankruptcy prior to Defendant's alleged collection activity in 2016. Plaintiff's claims may ultimately be precluded by the Bankruptcy Code to the extent they turn on the discharged nature of the underlying debt. *See Walls*, 276 F.3d at 510; ECF No. 17. *But see Goad*, 2010 WL 1407257, at *3 ("The Court reiterates that not all fair debt collection practices claims are precluded just because the debt at issue was discharged in bankruptcy. Claims that are independent of the bankruptcy discharge—i.e., claims that do not turn upon the discharged nature of the debt—would not interfere with the remedial scheme of the Bankruptcy Code."). However, at this stage in the proceedings and based on the material the Court may properly consider on a Rule 12(b)(6) motion, the Court cannot conclude that Plaintiff's claims as pleaded in the third amended complaint are precluded by the Bankruptcy Code. *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations.").

## V. CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss the third amended complaint filed by Defendant Ditech Financial, LLC is DENIED. (ECF No. 35).

Dated: May 3, 2018

Hon. William Q. Hayes
United States District Court